110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald ERCOLI; Thomas Brennan; Stacey Jacobson,
Plaintiffs-Appellees/Cross-Appellants,
v.
COUNTY OF TUOLUMNE, CALIFORNIA; Richard Nutting, Sheriff,
Defendants-Appellants/Cross-Appellees.
 Nos. 95-15221, 95-15654.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1995.
Submission Deferred Dec. 13, 1995.
Resubmitted Jan. 6, 1997.
Decided March 26, 1997.
 
 Before: BROWNING, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs, Donald Ercoli and other prisoners at the Tuolumne County Jail (the "Jail"), filed a class action that alleged, among other things, that Tuolumne interfered with Plaintiffs' right of access to court by not providing an adequate law library at the Jail. Tuolumne appeals the district court's order that directed it to improve the law library, contending that the order is overly broad. Plaintiffs cross-appeal, contending that the order is too limited to redress the law library's deficits. We remand for reconsideration in light of Lewis v. Casey, 116 S.Ct. 2174 (1996), and for such further proceedings as the district court deems appropriate.
 
 
 3
 We need not set forth the facts because the parties are familiar with them.
 
 ANALYSIS
 
 4
 We review the scope of the district court's grant of injunctive relief for an abuse of discretion or an application of erroneous legal principles. Securities & Exch. Comm'n v. Interlink Data Network, 77 F.3d 1201, 1204 (9th Cir.1996).
 
 
 5
 Pursuant to our request, the parties submitted supplemental briefing on the impact of Lewis v. Casey, 116 S.Ct. 2174 (1996). Casey affects Plaintiffs' requisite showing of "actual injury" and the permissible scope of the district court's order. See id. at 2180, 2183.
 
 Actual Injury
 
 6
 Under Casey, a prisoner plaintiff must now show actual injury in order to have standing to assert a claim even if it involves a "core" Bounds requirement. Id. at 2180; see Bounds v. Smith, 430 U.S. 817, 827-28 (1977). The Court in Casey indicated that, in order to show such actual injury, a plaintiff must demonstrate that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Casey, 116 S.Ct. at 2180. The Court further clarified that the frustrated legal claim must be one that attacks the plaintiff's sentence (directly or collaterally) or challenges the conditions of confinement. Id. at 2182.
 
 
 7
 Plaintiffs here have not shown actual injury under Casey. Plaintiffs principally have relied on affidavits stating that inmates did not receive requested materials, not stating that specific legal claims have been frustrated. See id. at 2180. This deficiency is understandable, however, in light of the litigating posture of this case; Plaintiffs could not have known, pre-Casey, that they would need to make such a showing. The district court's decision was rendered on the basis that no showing of direct injury was required. We therefore remand to the district court for further proceedings as it deems appropriate in light of Casey 's actual injury requirements.
 
 Scope of the District Court's Order
 
 8
 The Court in Casey also indicated the appropriate scope of injunctive relief in access-to-court cases. Id. at 2183. The Court asserted that "[t]he remedy must of course be limited to the inadequacy that produced the injury-in-fact that the plaintiff has established." Id. Therefore, the district court should, if Plaintiffs on remand make the requisite showing of actual injury, limit its order specifically to the redress of that injury.
 
 
 9
 ORDER VACATED; REMANDED.
 
 
 10
 The parties will bear their own costs on appeal.
 
 
 11
 CYNTHIA HOLCOMB HALL, Circuit Judge, dissenting:
 
 
 12
 Because I do not believe the plaintiffs here have standing to bring this suit, I respectfully dissent.
 
 
 13
 Lewis v. Casey, 116 S.Ct. 2174 (1996), clarifies the standing requirements for a constitutional challenge such as the one here. In Casey, the Supreme Court held that a prisoner alleging constitutional deprivation of access to the courts must demonstrate actual injury, and that the remedy ordered must be limited to rectifying the actual injury demonstrated.
 
 
 14
 In Casey, the Court disclaims those statements in Bounds v. Smith, 430 U.S. 817 (1977), that suggest that prisoners have a general right to discover grievances and litigate effectively. Casey, 116 S.Ct. at 2181. An inmate claiming a constitutionally deficient law library "cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." Rather, he must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 2180. I agree with the majority's conclusion that the plaintiffs here have not shown "actual injury" under Casey. I disagree, however, with the conclusion that this deficiency in the plaintiffs' suit warrants remand.
 
 
 15
 Casey makes clear that its "actual injury" requirement derives from the "case or controversy" standing requirement. 116 S.Ct. at 2179. Thus, I disagree with the majority's statement that the plaintiff's deficiency is "understandable" because they "could not have known, pre-Casey, that they would need to make such a showing." In fact, both plaintiffs and defendants did address the issue of actual injury in their briefs to both the district court and this court. In doing so, the plaintiffs made clear that they base their suit only on generalized inadequacies. When plaintiffs argued to the district court that they had demonstrated actual injury, they offered no evidence of specific instances of denial to the courts, but only referred to the general inadequacy of the law library and of access to it. Moreover, the relief the district court ordered deals entirely with the general "constitutional adequacy" of the law library. Casey mandates that any relief must "be limited to the inadequacy that produced the injury-in-fact that the plaintiff has established. 116 S.Ct. at 2183. None of the relief ordered by the district court redresses an injury-in-fact because no injury-in-fact was shown.
 
 
 16
 Nothing in the record of this case supports the contention that plaintiffs have the requisite standing to bring this case under Casey. Therefore, I believe reversal of the district court and judgment for defendants is appropriate, and I dissent from the decision to remand.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3